UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

| | |
|---|---|
| DEBORAH BLAKE, an individual; ) | CASE NO.: 3:17-cv-01317 |
| ) | |
| Plaintiff, ) | COMPLAINT FOR VIOLATION |
| ) | OF ERISA SECTION |
| v. ) | 502(a)(1)(B); |
| ) | |
| ) | [29 USCS 1131(a)(1)(B)] |
| ) | [29 USCS 1132(g)] |
| BB&T CORPORATION, a North Carolina ) | |
| Corporation; and ) | |
| THE HARTFORD LIFE & ACCIDENT ) | |
| INSURANCE COMPANY ) | |
| , a Connecticut Corporation ) | |
| | |
| Defendants. | |

Plaintiff, Deborah Blake, alleges:

## PRELIMINARY ALLEGATIONS

### The Parties

1. The Plaintiff is an individual residing in Putnam County, West Virginia. She was an employee of BB&T Corporation and by virtue of said employment she qualified for disability benefits through an employee welfare benefit plan.

2. Plaintiff is informed, believes and thereupon alleges that Defendant, BB&T Corporation is corporation existing under the laws of North Carolina, is doing business in the Southern District of West Virginia and is the Plan Administrator of the employee welfare benefit plan.

3. Plaintiff is informed, believes and thereupon alleges that Defendant, The Hartford Life & Accident Insurance Company is a corporation existing under the laws of Connecticut, is

doing business in the Southern District of West Virginia and is the claims fiduciary for the employee welfare benefit plan.

### Jurisdiction and Venue

4. Jurisdiction is conferred on this court by 29 U.S.C. §1001 et seq. and 29 U.S.C. §1132 (e)(1)(Federal Question). Venue is proper pursuant to 29 U.S.C. § 1132 (c) and 28 U.S.C. § 1391 (b) in that a substantial part of the errors or omissions giving rise to this claim and the Defendant's breach occurred within the jurisdiction of the United States District Court for the Southern District of West Virginia (Charleston Division). Venue is additionally proper pursuant to 29 U.S.C. Section 1131 (e)(2).

### Plan Provisions and Actions

5. The Plan was at all material times a duly organized, existing and qualified plan. *A copy of the Group Long Term Disability Plan for employees of BB&T Corporation is attached hereto as Exhibit "A" and incorporated herein by reference.*

6. The Plaintiff was a duly qualified participant in the Plan at all material times hereto. Plaintiff has duly complied with all of the conditions necessary to receive such benefits.

7. The Plan provided for the payment of disability benefits in the event a Plan participant becomes disabled by being prevented from performing one or more of the Essential Duties of her occupation.

8. The Plan contains the following definition of disability:

> **Disability or Disabled** means You are prevented from performing one or more of the Essential Duties of:
> 1) Your Occupation during the Elimination Period; and
> 2) Your Occupation following the Elimination Period, and as a result Your Current Monthly Earnings are less than 80% of Your Index Pre-disability Earnings.
>
> Your Disability must result from:

    1) Accidental bodily injury;
    2) Sickness
    3) Mental Illness;
    4) Substance Abuse; or
    5) Pregnancy.

**Essential Duty** means a duty that:
1) Is substantial, not incidental;
2) Is fundamental or inherent to the occupation; and
3) Cannot be reasonably omitted or changed.

*Exhibit A* at 24-25 of the *Group Long Term Disability Plan.*

9. On January 5, 2015, the Plaintiff became disabled by virtue of sickness and has and continues to have the inability to perform one or more of the essential duties of her occupation.

10. On or about December 10, 2015 the Plaintiff received a letter from Lisa W. Napier, Senior Ability Analyst for Hartford Life and Accident Insurance Company, informing her that her application for disability benefits had been denied.

11. The Plaintiff appealed this denial.

12. Following this appeal, Hartford Life and Accident Insurance Company issued a final denial of Plaintiff's claim for disability benefits on February 15, 2016.

13. This final denial fully exhausted the Plaintiff's administrative remedies.

14. The conclusions of the Defendants' review were, and are, contrary to the true condition of the Plaintiff, and:

    a. The objective medical evidence of her treating physicians, *See Exhibit B;*

    b. The Fully Favorable Decision from the Social Security Administration, *See Exhibit C.*

15. Notwithstanding Defendants' review, the Plaintiff is totally disabled as defined by the Plan and due benefits which the Defendants refuse to pay. The Plaintiff brings this action

seeking relief for Defendants' violations of various sections of the employee Retirement Income Security Act of 1974.

16. The Court has authority to review the decision of the Plan de novo.

## Cause of Action

### (Violation of Section 502(a)(1)(B) Against BB&T Corporation and The Hartford Life & Accident Insurance Company.)

17. Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 16.

18. The Plaintiff is due rights and benefits under the terms of the Plan.

19. The Defendants denied the Plaintiff the rights and benefits due under the Plan.

20. The decision denying the Plaintiff the rights and benefits due to the Plaintiff under the Plan was arbitrary, illegal, capricious, unreasonable, discriminatory, and not made in good faith. The decision is not supported by substantial evidence and arises from an erroneous application of the Plan and federal law.

21. As a direct and proximate result of the Defendants' actions, the Plaintiff has sustained damages in an amount to be proven. Such damages will approximate the amount of benefits payable to the Plaintiff under the terms of the Plan.

22. As a further direct and proximate result of the Defendants' actions, the Plaintiff has incurred, and will incur in the future, attorney fees and costs in an amount to be proven.

**WHEREFORE,** the Plaintiff prays for judgment against Defendants as follows:

1. Ordering the Defendants to pay to Plaintiff all benefits due under the Plan;

2. Declaring that all rights and benefits due to the Plaintiff are vested and non-forfeitable or, in the alternative, to award Plaintiff a money judgement for all sums owed to Plaintiff;

3. Awarding Plaintiff prejudgment interest to the date of judgment;

4. Awarding Plaintiff's attorney's fees, court costs and all other reasonable costs incurred; and

5. Granting Plaintiff such other and further legal and equitable relief as the Court may deem just and proper.

**Dated: February 20, 2017**

                                                **Deborah Blake,**

                                                **Plaintiff**

                                                **By Counsel:**

*/s/ Joshua Pearson*
Brian Alan Prim, Esq. (Bar #6949)
Carl Hostler, Esq. (Bar #5248)
Joshua Dean Pearson, Esq. (Bar #12235)
3825 Teays Valley Road, Suite 200
P.O. Box 430
Hurricane, WV 25526
(304) 201-2425